Ramón Sánchez Viñas, peticionario, *v.* Corte de Distrito de Aguadilla, Hon. Arcilio Alvarado, Juez, demandada; Olga García Zaragoza, interventora.

Núm. 1637.—*Sometido:* Abril 10, 1946. *Resuelto:* Abril 11, 1946.

*E. Báez García,* abogado del peticionario; *Rafael Soltero Peralta,* abogado de la interventora, demandante en el pleito principal.

El Juez Asociado Señor Córdova emitió la opinión del tribunal.

Expedimos auto de *certiorari* para revisar la orden de la Corte de Distrito de Aguadilla que denegó la moción del padre de una menor interesando se prohibiese a la madre de la menor se llevara a ésta de Puerto Rico.

De los autos resulta que la madre de la menor obtuvo sentencia de divorcio contra el padre, por abandono, disponiendo la sentencia que el padre podría llevarse la menor consigo todos los domingos. Algunos años después, enterado el padre que la madre se proponía contraer segundas nupcias y ausentarse de Puerto Rico con su esposo y con la menor, solicitó de la corte de distrito, en moción radicada en el caso de divorcio, prohibiera a la madre llevarse a la menor de Puerto Rico, a base de que ello impediría que el padre hiciera uso del derecho que la sentencia le confería de tener a su hija consigo todos los domingos.

El día de la vista la madre admitió que había contraído segundas nupcias y se proponía ausentarse de Puerto Rico con su hija. No se presentó prueba. La corte declaró sin lugar la moción, a base de que ni se alegó ni se probó que el ausentarse de Puerto Rico con su madre perjudicaría en algo a la menor, o que el quedarse en Puerto Rico la menor le beneficiaría en algo. Dijo la corte inferior, entre otras cosas:

"... Se solicita de la Corte como mera cuestión de derecho que por el efecto de la forma en que está dictada la sentencia, y por el efecto de la estipulación que se hizo parte de la sentencia a virtud de la cual se concedía al padre el derecho a ver a su hija los domingos y a llevarla consigo así como en otros días según antes se ha explicado, que esta Corte le ordene a la madre que se abstenga de llevarse consigo fuera de Puerto Rico a la menor .... Prácticamente esto sería un *injunction*. Si fuera un injunction lo que se le trajera a la Corte, el deber primordial de la Corte sería considerar el balance de los efectos de su sentencia y dictar o no el auto según resultare más conveniente y más justo y según se causaren menos daños con el auto de injunction que se dictare. ... Cree la Corte que sería claramente injusto el que como una mera cuestión de derecho, sin una demostración de conveniencia para la menor, se dicte esta orden que se le pide ... La Corte repite que estaría abierta a conceder lo solicitado siempre que se le alegase y se le probase que eso es necesario al mejor bienestar y conveniencia de la menor; cuando se lo demostrase eso a la Corte entonces la Corte lo concedería, pero como una mera cuestión de derecho cree la Corte que debe declarar sin lugar y declara sin lugar la moción del demandado en este caso."

Actuó correctamente la corte inferior. La sentencia de divorcio no prohibe a la demandante se lleve a su hija de Puerto Rico. Esa prohibición se ha pedido ahora por primera vez. Prohibir a la madre llevarse a su hija de Puerto Rico, cuando la madre necesita ausentarse de Puerto Rico por tiempo indefinido, podría muy bien afectar de manera decisiva el bienestar y el futuro de la menor. No es algo que deba resolverse a base de los intereses o deseos del padre, ya que éste no goza de la patria potestad. Es algo que

sólo debe resolverse a base del bienestar de la menor. No habiéndose demostrado que la permanencecia de la menor en Puerto Rico sea necesaria, ni aun conveniente, al bienestar de·la menor es improcedente el prohibir a la madre se lleve la menor consigo al ausentarse de Puerto Rico.